**FILED**

JUL 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| JOSEPH POETT, | : |
| 7414 Parkwood Drive | |
| St. Louis, MO 63116 | : |
|         Plaintiff, | |
| | : |
| v. | Case No _____ |
| | : |
| UNITED STATES OF AMERICA, | |
| ATTORNEY GENERAL | : |
| OF THE UNITED STATES, | |
| U.S. Department of Justice | : |
| 950 Pennsylvania Avenue N.W. | |
| Washington, D.C. 20530-0001 | : |
| SECRETARY OF U.S. | |
| DEPARTMENT OF | : |
| AGRICULTURE, | |
| 1400 Independence Avenue S.W., | : |
| Room 3175 South Bldg., | |
| Washington, D.C. 20250, | : |
| UNITED STATES | |
| DEPARTMENT OF | : |
| AGRICULTURE, | |
| 1400 Independence Avenue S.W., | : |
| Room 3175 South Bldg., | |
| Washington, D.C. 20250, | : |
| DEPARTMENT OF HEALTH | |
| AND HUMAN SERVICES | : |
| 200 Independence Avenue S.W. | |
| Washington, D.C. 20201 | : |
| DIRECTOR CENTERS FOR | |
| DISEASE CONTROL AND | : |
| PREVENTION, | |
| 1600 Clifton Road N.E., Mail Stop | : |
| A-46, Atlanta GA 30333 | |
| ROBBIN WEYANT, DIRECTOR, | : |
| DIVISION OF SELECT AGENTS | |
| AND TOXINS CENTERS FOR | : |
| DISEASE CONTROL AND | |
| PREVENTION, | : |
| 1600 Clifton Road N.E., Mail Stop | |
| A - 46, Atlanta, GA 30333 | : |
|         Defendants | |

Case: 1:07-cv-01374
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 7/27/2007
Description: Admn. Agency Review

*JURY ACTION*

1

# COMPLAINT

**JURISDICTION:**

1.      This Court has jurisdiction pursuant to U.S.C. Title 28-1331; U.S.C. Title 28-1346 and U.S.C. Title 5-702.

**PARTIES:**

2.      Plaintiff, Joseph Poett, is a Citizen of the United States and a Resident of St. Louis, Missouri.

3.      Defendant, the United States of America, is a governmental entity capable of suing and being sued with its main offices in Washington, D.C.

4.      Defendant, the Attorney General of the United States, is being sued in his executive capacity whose offices are located in Washington, D.C.

5.      Defendant, Secretary of the U.S. Department of Agriculture is being sued in his executive capacity whose offices are located in Washington, D.C.

6.      Defendant, United States Department of Agriculture, is a governmental agency capable of suing and being sued whose offices are located in Washington, D.C.

7.      Defendant, Department of Health and Human Services, is a governmental agency capable of suing and being sued whose offices are located in Washington, D.C.

8.      Defendant, Director for Centers for Disease Control and Prevention, is being sued in his executive capacity who is employed by the Department of Health and Human Services located in Washington, D.C.  His office is located in Atlanta Georgia.

9.      Defendant, Robbin Weyant, is being sued in his executive capacity and he is the Director for the Division of Select Agents and Toxins Centers for Disease Control and Prevention who is employed by the Department of Health and Human Services

located in Washington, D.C. His office is located in Atlanta, Georgia.

**FACTS:**

10.    Plaintiff, Joseph Poett, is a long time employee of the United States Department of Agriculture. He is a Chemist whose job duties include analyzing select agents and toxins.

11.    On September 11, 2006, Joseph Poett was served with an Official Notice that his employer had submitted an application on his behalf for clearance for Joseph Poett to have access to select agents and toxins. The clearance request was submitted to the Center for Disease Control and Prevention to enable Joseph Poett to perform his employment duties as a Chemist.

12.    Joseph Poett was informed in that official Notice that he was denied access to select agents and toxins on the grounds he was suspected by the Attorney General through an FBI investigation of knowing involvement with an organization that engages in intentional crimes of violence, and he was placed on Administrative Leave. In the September 11, 2006 Official Notice, Joseph Poett was advised of his right to appeal that Decision, Exhibit "1".

13.    On September 18, 2006, Joseph Poett appealed the September 11, 2006 Decision denying his access to select agents and toxins wherein he asserted the following facts:

(1) Joseph Poett has never had knowing involvement with an organization that engages in terrorism or intentional crimes of violence.

(2) Joseph Poett was not afforded a Hearing prior to being denied access to select agents or toxins.

3

(3) Joseph Poett was not afforded an opportunity to view any evidence used to reach the determination he was a "suspect". Such as date, place, times and description of any activity that would make him a "suspect" of terrorist activity, and Joseph Poett was not provided the identity of what terrorist organization he was suspected of being involved with.

(4) To clear his name in the appeal, Joseph Poett described a social gathering of Irish Americans he attended more than 20 years ago wherein he spoke with two women who were promoting charitable contributions to their organization, NORAID, whose purpose they reported was to raise money for widows and orphans who were victims of the "troubles in Ireland". He socialized with the two women, but did not contribute any money or services. Subsequently he learned from news reports that NORAID was ostensibly a charitable organization, but was actually funneling money collected to aid the IRA. Concerned he would be unfairly accused of wrongdoing, Joseph Poett wrote a letter to the British Ambassador apologizing for his association with NORAID. A few years later he was contacted by the FBI regarding the letter he had written. Joseph Poett when asked if the letter he had written to the Ambassador was a fluke stated that it was and he had no connection with NORAID. There was no further contact from the FBI.

(5) Joseph Poett pointed out in his appeal that the First Amendment to the U.S. Constitution protects against the imposition of liability based upon mere association with a group, some members of which committed acts of violence.

14.    Joseph Poett's association with the two women who worked for NORIAD was innocent and fleeting.

15.    On May 29, 2007 Defendant, Robbin Weyant, the Director of the Division

4

of Select Agents and Toxins denied Joseph Poett's Appeal, Exhibit "2", based upon the Attorney General acting through the FBI sustaining its initial decision to deny access to select agents and toxins to Joseph Poett.

16.    In the Decision denying the appeal dated May 29, 2007, Joseph Poett was not advised of his right to further Agency Appeal or Judicial Review, Exhibit "2". When Joseph Poett inquired of the Agency regarding his appellate rights or right to judicial review, the Agency did not provide him any useful information.

17.    The denial of access to select agents and toxins has caused Joseph Poett who is a Chemist for the U.S. Department of Agriculture and whose job duties require him to analyze various agents and toxins to suffer loss of rights and privileges and adversely affects his employability.

18.    By its action the Agency has deprived Joseph Poett of his Right under the First Amendment to the U.S. Constitution to be free of guilt by association.

19.    The Agency has deprived Joseph Poett of his right to Due Process of law under the Fifth Amendment to the U.S. Constitution by not providing a hearing, or any information regarding the alleged acts such as a description of his alleged acts, an identification of the alleged terrorist organization or the alleged organization that engages in intentional crimes of violence, or a date, time or place of the alleged activity upon which the decision to deny access to select agents and toxins was based.

20.    On June 21, 2007 a Freedom of Information Act Request pursuant to Title 5 U.S.C. Section 552 was filed with the F.B.I. seeking any information or documents upon which the F.B.I. determined that Joseph Poett was suspected of knowing involvement with an organization that engages in intentional crimes of violence. As of

5

July 26, 2007, there has been no response to the F.O.I.A. Request of Joseph Poett.

22.    In July, 2007 pursuant to 5 U.S.C. Section 552 (a) Joseph Poett made a written request for an opportunity to review his personnel record maintained on him by the U.S. Department of Agriculture, after a supervisory official at the Center for Disease Control and Prevention informed Plaintiff's Attorney that she was reading from Joseph Poett's file and the document therein stated Joseph Poett was denied access to select agents and toxins because he was suspected by the F.B.I. of knowing involvement with an organization that engages in intentional crimes of violence.

23.    In late July, 2007 Joseph Poett reviewed his personnel record. His record did not contain any documents relating to the Administrative Leave ordered on September 11, 2006 or any documents relating to the Determination to deny his appeal dated May 29, 2007 and continue to deny access to select agents or toxins on the basis he was suspected by the F.B.I. of knowing involvement with an organization that engages in intentional crimes of violence.

24.    Under Title 5 U.S.C. 552 (a), Joseph Poett is entitled to review his record and request that any incorrect information be removed from it. It is passing strange that a supervisory official related Joseph Poett's file contained the record denying access, but when Joseph Poett requested an opportunity to review his record, for the purpose of seeking removal of the damaging, incorrect document, the document denying access was not in his file.

25.    The Decision of the Director, dated May 29, 2007 denying the appeal and affirming the Decision to deny Joseph Poett access to select agents and toxins violates Title 5 U.S.C. Section 706 (2) (a) in that it is arbitrary, capricious, an abuse of discretion,

otherwise not in accordance with the law.

    26.    A person in the position of Joseph Poett who is suffering a legal wrong because of an agency action, or who is adversely affected or aggrieved by such action is entitled to judicial review, Title 5 U.S.C. section 702. The Administrative Procedure Act authorizes judicial review for agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, Title 5 U.S.C. Section 704.

    27.    The Decision of the Director Dated May 29, 2007 constitutes final agency action, pursuant to Title 7 U.S.C. Section 8401 (e) (7) (iii) which provides:

> "The decision of the Secretary in a review under clause ( i ) constitutes final agency action for purposes of section 702 of Title 5, United States Code."

### COUNT ONE
### VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

    28.    Plaintiff incorporates herein and makes a part hereof paragraphs 1-27.

    29.    The only exposure Joseph Poett has had in his entire life to any organization that has been reported to be engaged in terrorism or international crimes of violence occurred more than twenty years ago when he attended a social gathering where two members of NORIAD were present soliciting charitable contributions for widows and orphans who were victims of the "troubles in Ireland." Joseph Poett did not contribute any money or perform any services for that organization. Joseph Poett's brief association with the two women at a social gathering does not constitute "knowing" involvement. At the time he met the two women, he was not aware that NORIAD had been suspected of funneling

7

charitable donations made for women and orphans to the IRA. If the F.B.I. decision was based upon Joseph Poett's brief and fleeting association with NORIAD members, it constitutes a Constitutional violation of the First Amendment., ie. guilt by association.

30.    18 U.S.C. Section 175 (b) (1) defines a "restricted person" as one who "acts" for or on "behalf" of or under the "direction" or "control" of a terrorist organization. Joseph Poett who has been defined by the F.B.I. as a "restricted person" did not act on behalf of or under the direction or control of NORIAD or the IRA by socializing with two young women who may have been, unbeknownst to him, associated with the IRA.

31.    The Agency's September 5, 2006 determination, Exhibit "1" to deny Joseph Poett access to select agents and toxins defined "restricted person" according to 18 USC 175 (b) as an individual who:

> "(K) has involvement with an organization that engages in domestic or international terrorism or international crimes of violence."

The courts have consistently held that mere "involvement" with a terrorist organization adversely effects the First Amendment Rights of individuals, and may not be used to impose liability or deny a right or privilege.

The Director in its May 29, 2007 Decision denying the Appeal described the alleged activity of Joseph Poett as "knowing" involvement, a deviation from its initial definition.

The action of the Agency in classifying Joseph Poett as an "affected person" is arbitrary, capricious, an abuse of discretion and violated Constitutional law.

32.    As a result of the Unconstitutional Agency action, Plaintiff has been

8

denied a right and privilege which affects his livelihood and hinders his

ability to support his family.

**WHEREFORE,** Plaintiff demands judgment, seeks reversal of the

Agency Decision of May 29, 2007 as unlawful, contrary to constitutional right,

without observance of procedure required by law, unsupported by substantial

evidence and unwarranted by the facts.  Additionally Plaintiff seeks attorney's

fees, costs of suit, and any other relief the court deems just and fair.

### COUNT TWO
### VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT UNDER THE U.S. CONSTITUTION TO DUE PROCESS

33.    Plaintiff incorporates herein and makes a part hereof paragraph 1-32,

supra.

34.    Prior to a determination on September 11, 2006 that Joseph Poett

was suspected by the F.B.I. of having a knowing involvement with an

organization that engages in intentional crimes of violence, and was

therefore denied access to select agents and toxins in his position as

Chemist for the USDA, Joseph Poett was not given any Notice of the

charges or an Opportunity to defend against the accusations made.

35.    Although he was given an opportunity to appeal the adverse

Decision of September 11, 2006, he was never apprised of what actions he

allegedly took, with what organization or the dates, times and places of the

suspicious activities he is alleged to have engaged in.

It was therefore impossible for Joseph Poett in his appeal to enunciate an effective

defense since he didn't know and still doesn't know what he is defending

against.

36.    Making a wild guess and reviewing his activities over his life time the only exposure he ever had to any organization remotely connected to violent acts was his socialization with two females who he learned later may have been connected to the IRA through NORIAD. That is scarcely grounds to be suspected of terrorist activity by the F.B.I., and in consequence be denied access to select agents and toxins essential to his employment.

37.    In this country persons accused of a crime have the Constitutional Right to be apprised of the criminal acts alleged, and the date, place and times of the alleged criminal acts. Although Joseph Poett has not been formally charged with a crime, he has been accused of criminal activity and in consequence he has lost rights and privileges as a result of the accusation. An accusation made in secret, by unknown persons with unknown motives.

38.    The Agency Decision is arbitrary, capricious, and violates the Fifth Amendment to the Constitution of the United States of America.

39.    In consequence of the Agency Action the Plaintiff has been deprived of a right and privilege resulting in harm to his livelihood.

**WHEREFORE**, Plaintiff demands Judgment, reversal of the Agency Decision of May 29, 2007 as unlawful, contrary to constitutional right, without observance of procedure required by law, unsupported by substantial evidence and unwarranted by the facts. Additionally Plaintiff seeks Attorneys Fees and Costs of Suit, and any other relief the Court deems just and fair.

Jury Trial Demanded.

10

RESPECTFULLY,

Joan A. Harvill
D.C. Bar No: 309112
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
(202) 466-6346

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS** Joseph Poett

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

St. Louis, MO

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

International Law Center, Joan A. Harvill, 1629 K. Street N.W., Suite 300 Washington, D.C. 20006

**DEFENDANTS** U.S.A., Atty Gen. U.S.,., Sec. U.S. Dept. Agriculture, U.S. Dept. Agriculture, Dept. Health & Human Serv. et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __D.C.__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-01374
Assigned to: Kollar-Kotelly, Colleen
Assign. Date : 7/27/2007
Description: Admn. Agency Review

*JURY ACTION*

---

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

Ⓧ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**Ⓧ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☒ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other)    OR    ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(?)

| ☐ G. Habeas Corpus/2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(If Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. Labor/ERISA<br>(non-employment) | ☐ L. Other Civil Rights<br>(non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (If not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (If Voting<br>Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

5 USC sec 702, 7 USC sec 6401(e)(7) Agency Actions that violated Plaintiffs Constitutional

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   **JURY DEMAND** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☑ NO   If yes, please complete related case form.

**DATE** July 27, 2007   **SIGNATURE OF ATTORNEY OF RECORD** _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is resident outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



| United States Department of Agriculture | Food Safety and Inspection Service | Labor & Employee Relations Division | 1400 Independence Ave., SW Room 3175 South Bldg. Washington, DC  20250 (202) 720-5657 |
|---|---|---|---|
| | | Employee Relations Branch | (202) 690-3938 fax (800) 217-1886 toll-free |

FOR OFFICIAL USE ONLY                              September 11, 2006

Joseph R. Poett
Chemist
Midwestern Laboratory
St. Louis, MO

THROUGH:   James Hess, Director, Midwestern Laboratory

SUBJECT:   Administrative Leave

Dear Mr. Poett:

This official notice is to inform you that you hereby are being placed in an administrative leave status effective immediately upon your receipt of this notice.

On March 30, 2006, the Midwestern Laboratory submitted to the Center for Disease Control and Prevention (CDC) a revision of the APHJS/CDC Form 1, Application for Laboratory Registration for Possession, Use, and Transfer of Select Agents and Toxins. This revision was submitted in order for you to perform specifics duties of your position.

On September 6, 2006, the Department of Health and Human Services notified the Food Safety and Inspection Service that you have been denied access to Select Agents and toxins based on information provided by United States Attorney General. Specifically, the Attorney General has identified you as being suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in intentional crimes of violence. As a result of this and until this matter can be resolved, you are hereby on administrative leave.

Additionally, you are directed:

- To remain in an administrative leave status until such time as you are directed otherwise.     07 1374
- To report in by phone to the Labor and Employee Relations Division at (800) 217-1886 once each day that would be a normally scheduled work day for you if you were in a work status. This call must be made between 8:00 a.m. and 10:00 a.m., unless your supervisor directs you otherwise. The purpose of this call will be to make you available should your supervisor need to address any topic with you or direct you to report for any purpose.
- To not report in nor enter any USDA facility or any poultry, egg, or beef plant inspected, reviewed, or overseen by the Food Safety and Inspection Service, unless and until you are directed otherwise.

**FILED**

JUL 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



PLAINTIFF'S EXHIBIT
1

- To not have any contact with any USDA or FSIS employee for the purpose of filing or assisting you with any grievance or appeal unless you first have obtained permission from your immediate supervisor.
- To surrender, before leaving the premises, any government issued property in your possession or that has been issued to you, including the government vehicle and vehicle key, USDA/FSIS credentials and/or badges, office keys, government issued credit card, government issued phone card, cell phone, and laptop computer.
- Further, if you have any business related materials, documents, in any other location such as your residence, you are required to make arrangements with your supervisor before leaving the premises to make arrangements for surrendering such items.

Sincerely,

Kristie D. Kelm
Chief, Employee Relations Branch

cc:      Tia Gayle, WPVPRP
         Robinn Reed, Director, LERD



## DEPARTMENT OF HEALTH AND HUMAN SERVICES

**Public Health Service**
Centers for Disease Control
and Prevention (CDC)
Atlanta, GA 30333

TO:     Joseph Poett
        7417 Parkwood Drive
        Saint Louis, MO 63116

FR:     Centers for Disease Control and Prevention, Select Agent Program

DATE:   September 05, 2006

RE:     Notice of Denial of Approval of Access to Select Agents and Toxins

The Secretary of the United States Department of Health and Human Services will deny approval of access to any select agent or toxin to an individual identified by the United States Attorney General as being a restricted person as that term is defined by 18 U.S.C. 175b (42 CFR 73.10(f)).

The term "restricted person" means an individual who:

(A) is under indictment for a crime punishable by imprisonment for a term exceeding 1 year;
(B) has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1
(C) year;
(D) is a fugitive from justice;
(E) is an unlawful user of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(F) is an alien illegally or unlawfully in the United States;
(G) has been adjudicated as a mental defective or has been committed to any mental institution; is an alien (other than an alien lawfully admitted for permanent residence) who is a national of a country as to which the Secretary of State, pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of chapter 1 of part M of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), or section 40(d) of chapter 3 of the Arms Export Control Act (22 U.S.C. 2780(d)), has made a determination (that remains in effect) that such country has repeatedly provided support for acts of international terrorism;
(H) has been discharged from the Armed Services of the United States under dishonorable conditions;
(I) is an agent of a foreign power;
(J) has committed a federal crime of terrorism transcending national boundaries; or
(K) has involvement with an organization that engages in domestic or international terrorism or international crimes of violence.

Your application for approval to have access to select agents or toxins is hereby denied. This denial is based upon an identification by the Attorney General that you {Restricted_Indiv} and thereby meet the definition of a restricted person, (18 U.S.C. §175b).

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

If you wish to challenge this denial, you may file a written appeal with:

Director, Select Agent Program
Centers for Disease Control & Prevention
1600 Clifton Road
Mail Stop E-79
Atlanta, GA 30333

The appeal shall plainly and concisely state the reason(s) as to why the identification by the Attorney General that you are suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence is in error. The appeal may also include any other matters in extenuation or mitigation that you may wish to submit. Documents in support of the appeal may also be attached to the appeal request.

*Charles Brokopp*

Charles D. Brokopp, DrPH
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 33033
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.



DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control
and Prevention (CDC)
Atlanta, GA 30333

May 29, 2007

Joseph Poett
7417 Parkwood Drive
Saint Louis, MO 63116

RE:    Appeal of Notice Denying Approval of Access to Select Agents and Toxins

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issued you a notice that your application for approval of access to select agents and toxins had been denied based on an identification by the Attorney General that you met the definition of a restricted person as defined by 18 U.S.C. Part 175b (42 CFR Part 73.10(f)). Specifically, the Attorney General determined that you were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Subsequent to this notice, you submitted a written request for appeal to the denial notice.

On May 24, 2007, the Attorney General through the Federal Bureau of Investigation notified DSAT that it sustained its initial determination that you **were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence** and therefore met the definition of a restricted person. Accordingly, your application for approval of access to select agents and toxins is denied.

Please contact the Compliance Officer with the CDC Select Agent Program at 404-718-2000 or at the address listed below if you have additional questions.

07 1374
FILED

JUL 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Robbin Weyant, PhD, CAPT, USPHS
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096



PLAINTIFF'S
EXHIBIT
2

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.