UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **Joseph Poett,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Case No. 1:07CV1374 (CKK)<br>) |
| **Attorney General of the U.S.,** *et al.*, | )<br>)<br>) |
| **Defendants.** | )<br>) |

### ANSWER OF DEFENDANTS

### First Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### Second Defense

Answering specifically the numbered paragraphs of Plaintiff's complaint, using the same paragraph numbering, and without waiving any defenses and/or objections, Defendants admit, deny, or otherwise aver as follows:

1. This paragraph contains conclusions of law not averments of fact to which an answer is required, to the extent an answer is required, Defendants admit that this Court has jurisdiction over this action.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit

9. Admit.

10. Defendants admit only that Joseph Poett has been employed at the United States Department of Agriculture (USDA) since November 10, 1984 and that he is a chemist. Defendants deny that his duties include analyzing select agents and toxins.

11. Deny, except to admit that Kristie D. Kelm, Chief, Employee Relations Branch, USDA, provided Plaintiff a letter dated September 11, 2006, officially notifying him that he was being placed on Administrative leave. The September 11, 2006 letter is attached as a part of Exhibit 1 to the Plaintiff's complaint and stands for itself.

12. Defendants admit the first sentence of paragraph 12 of the Plaintiff's complaint and deny the second sentence except to admit that the Department of Health and Human Services (HHS), Centers for Disease Control and Prevention (CDC), issued to the Plaintiff a Notice of Denial of Approval of Access to Select Agents and Toxins (Denial) dated September 5, 2006, which included a statement regarding the process for an appeal of the Denial.

13. Defendants admit that Plaintiff appealed the September 5, 2006, decision denying him approval of access to select agents and toxins and that in Plaintiff's Notice of Appeal dated September 18, 2006, Plaintiff, through counsel, made the assertions contained in paragraph 13 (1), (2), (3) (4) and (5). Defendants are without sufficient knowledge upon which to form a belief as to the truth or falsity of the other assertions and allegations contained in paragraph 13. Defendants further state that the September 18, 2006, document ultimately speaks for itself.

14. Defendants are without sufficient knowledge upon which to form a belief as to the

truth or falsity of the assertions contained in paragraph 14.

15. Admit only that on May 29, 2007, Robbin Weyant, Director of the Division of Select Agents and Toxins, of the CDC sent Plaintiff a notice indicating that the Attorney General had sustained his initial denial of Plaintiff's application for approval of access to select agents. Deny any and all remaining allegations contained in paragraph 15 of the Plaintiff's complaint; Otherwise, Plaintiff's Exhibit 2 - the May 29th Letter - attached to the complaint speaks for itself.

16. Admit the first sentence only and deny for want of information the remaining allegations contained in paragraph 16 of the Plaintiff's complaint.

17. Deny the allegations contained in paragraph 17 of the Plaintiff's complaint, except to admit that Plaintiff is a chemist for the U.S. Department of Agriculture.

18. Deny the allegations contained in paragraph 18 of the Plaintiff's complaint.

19. Deny the allegations contained in paragraph 19 of the Plaintiff's complaint.

20. Admit that Plaintiff filed a Freedom Of Information Act (FOIA) request with the FBI pursuant to 5 U.S.C. § 552 on June 21, 2007; that on October 17, 2007, the FBI responded to Plaintiff's FOIA request; and that on October 30, 2007, an appeal was filed by the Plaintiff's attorney with the Office of Information and Privacy at the U.S. Department of Justice. The appeal is currently pending. Defendants deny the remaining allegations contained in paragraph 20.

21. [OMITTED]

22. Admit that Plaintiff sent the USDA a FOIA request for his personnel record and that at some point in time a supervisory official at the CDC did read and relay information to Plaintiff from a file concerning him and maintained by CDC's Division of Select Agents and

Toxins; and deny the remaining allegations contained in paragraph 22 of the Plaintiff's complaint for want of information.

23. Defendants deny for want of information the allegations contained in the first sentence of paragraph 23 of the Plaintiff's complaint; but admit the allegations contained in the second sentence of paragraph 23.

24. Admit the allegations contained in the first sentence of paragraph 24. The second sentence is a conclusion or opinion of the Plaintiff to which no response is required; however, to the extent that one is required, deny.

25. Deny.

26. Defendants deny the first sentence of paragraph 26 and admit the second sentence of said paragraph.

27. Admit.

28. Defendants hereby incorporate their answers to paragraphs 1-27 as if fully restated in response to paragraph 28 of the Plaintiff's complaint.

29. Deny.

30. 18 U.S.C. § 175(b)(1) speaks for itself; however, Defendants are without knowledge to admit or deny the remaining allegations contained in paragraph 30 of the Plaintiff's complaint, and therefore denies same.

31. The first and second sentence of paragraph 31 of the Plaintiff's complaint is a legal statement and conclusion to which no answer is required; to the extent that one is required, the allegations are denied. The third and fourth sentences of paragraph 31 are denied.

32. Deny.

33. Defendants hereby incorporate their answers to paragraphs 1-32 as if fully restated in response to paragraph 33 of the Plaintiff's complaint.

34. Admit that prior to the letter dated September 5, 2006, indicating that Plaintiff was being denied access to select agents and toxins, Plaintiff was not given notice that such a denial was being contemplated; and deny the remaining allegations contained in paragraph 34 of the Plaintiff's complaint.

35. Admit that Plaintiff was advised that his access to select agents and toxins was denied because of his knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. § 2331) or with any other organization that engages in intentional crimes of violence; and that he was not provided information concerning the organization or the dates, times and places of the activities connected with that denial; and deny all remaining allegations contained in paragraph 35 of the Plaintiff's complaint.

36. Defendants are without knowledge to admit or deny the allegations contained in paragraph 36 of the Plaintiff's complaint, and therefore denies them; further the allegations contain conclusions or opinions of the Plaintiff to which no response is required; to the extent that one is required, deny.

37. Deny the allegations contained in paragraph 37 of the Plaintiff's complaint; further to the extent that the allegations in paragraph 37 also contain conclusions of law and opinions of the Plaintiff , no response is required.

38. Deny.

39. Deny.

The balance of Plaintiff's complaint consists of the Plaintiff's Prayer for Relief, which

does not require a response. To the extent a response is required, deny.

Defendants deny each and every allegation in the complaint that has not been previously otherwise qualified or denied. Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, Defendants request the Court to enter a judgment:

    a. Dismissing the complaint against it with prejudice; and,

    b. Awarding it such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334