UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH POETT, | : | |
| Plaintiff, | : | |
| v. | : | Civil No: 07-1374 (CKK) |
| UNITED STATES OF AMERICA et al., | : | |
| | : | |
| Defendants. | | |

## JOINT STATUS REPORT

A conference between counsel for the parties was held pursuant to the Court's February 13, 2008 Order wherein the following issues were discussed:

(1)    The parties have agreed to engage in settlement negotiations beginning the second week in March, 2008 taking into consideration Defendants' counsel's trial schedule.

(2)    Defendant will if the case does not settle, file a motion for summary judgment by May 14, 2008.  Plaintiff's Opposing Points and Authorities will be due by June 16, 2008.  Defendant's Reply will be due on June 30, 2008.

DEFENDANT CONTENDS:

(3)    Plaintiff believes that discovery is necessary; however, Defendant objects to discovery due to the fact that this matter is brought under the Administrative Procedure Act (APA) and the Court is therefore limited to an existing record review.  The Department of Health and Human Services (HHS), Centers for Disease Control and Prevention (CDC), issued to the Plaintiff a Notice of Denial of Approval of Access to Select Agents and Toxins (Denial) dated September 5, 2006.  Hence a decision was

made.  Judicial review of an agency decision under the Administrative Procedure Act does not involve a <u>de</u> <u>novo</u> trial of the facts; rather review is based on the complete administrative record that was before the decision maker at the time the ultimate challenged decision was made.  However, to the extent that portions of the record are classified, and remain so, if necessary, the Defendants will submit those portions for an in camera review by the Court.

The Defendants released a letter authored by Plaintiff that was the basis of the CDC's final decision.  This letter was previously classified.

PLAINTIFF CONTENDS:

(4)   Discovery is necessary.  Plaintiff has the burden to prove that the Agency Decision was not supported by substantial evidence and was not warranted by the facts.  In order to do so it is necessary for Plaintiff to conduct discovery to ascertain whether an investigation was made by Defendant, and if so the extent of it.  Whether Defendant reviewed tapes of or excerpts from or memos of a conversation between an F.B.I. Agent and Plaintiff, and if so the content of same.  Plaintiff is entitled to know whether or not an investigation was made to arrive at the Agency Decision, the extent of the investigation and what if anything it revealed.  And if no investigation was made, Plaintiff is entitled to learn that as well.

Since there exists no administrative record of a Hearing wherein Defendant presented evidence and Plaintiff had an opportunity to rebut it and a Decision was rendered by an Administrative Judge, Plaintiff has no information regarding what if anything the Agency Decision was based upon.  Therefore Discovery is necessary for the enlightenment of Plaintiff and the Court.

If Defendant objects to Plaintiff's Discovery requests on the grounds the information is exempt from disclosure, Plaintiff has no objection to have Defendant's Discovery Answers sealed, and/or for the Court to examine the discovery answers of Defendant *in camera.*

It is anticipated 60 days will be required within which to complete discovery.

5.  In view of the fact the parties have agreed to informal settlement negotiations a referral for ADR procedures is premature. If settlement is not reached, and after discovery is completed a referral to ADR may be appropriate.

6.  Plaintiff does not object to a neutral evaluation of the case.

7.  The parties are not subject to the requirements of Rule 26(a)(1).

8.  Pretrial should be held 60 days after ADR is completed.

9.  A firm trial date should be set 60 days after the Pretrial Conference.

Respectfully submitted,

_____/s/_____.
Joan A. Harvill, D.C. Bar: 309112
Attorney for Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
Tele:   (202) 466-6346
Fax:    (202) 331-3759
E-mail: JoanHarvill@Gmail.com

_____/s/_____.
Heather Graham-Oliver
Assistant United States Attorney
Judiciary Center Building
555 4th Street N.W.
Rm. 4-4808
Washington, D.C. 20530
Tele:   (202) 305-1334
E-mail: Heather.Graham-Oliver@usdoj.gov

Case 1:07-cv-01374-CKK    Document 15    Filed 02/27/2008    Page 4 of 4