**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOSEPH POETT,**

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**
***et. al.***

**Defendants.**

**Civil Action No. 07-1374 (CKK)**

**NOTICE OF FILING OF REDACTED ADMINISTRATIVE RECORD**

______Now comes the Defendant, The United States of America, *et al.*, and hereby gives this Court notice of the filing of the Redacted Administrative Record.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334

Attorneys for Defendant

# THE ADMINISTRATIVE RECORD

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSPEH POETT, Plaintiff, v. UNITED STATES, et al., Defendants. | ) | Case Number 1:07-cv-01374 CERTIFICATION OF THE ADMINISTRATIVE RECORD |

My name is Dr. Robbin Weyant and I am the Director, Division of Select Agents and Toxins (DSAT), Coordinating Office of Terrorism Preparedness and Emergency Response, Centers for Disease Control and Prevention (CDC), the United States Department of Health and Human Services. I am a Captain in the United State Public Health Service Commissioned Corps. As the Director, DSAT, I am responsible for the overall execution of CDC's Select Agent (SA) regulatory program. The CDC SA regulatory program has regulatory oversight responsibilities for those individuals and entities who possess, use, and transfer designated biological agents and toxins that pose a significant threat to public health, in accordance with part 73 of Title 42 of the Code of Federal Regulations (42 C.F.R. part 73). CDC SA regulatory program responsibilities include the registration of individuals and entities who wish to possess, use, and transfer select agents and toxins; maintenance of a national select agent database used for national security and law enforcement purposes; biosafety and physical security inspections of entities; pre-approval of the transfer of select agents and toxins between registered individuals and entities; response to incidences involving the theft, loss, or

release of select agent materials; and the authorization of access to select agents and toxins by individuals in conjunction with a Department of Justice security risk assessment.

I, Robbin Weyant, do hereby certify that the accompanying submission constitutes the true and correct copy of the Administrative Record regarding the denial of the application for Joseph Poett to have approval of access to select agents and toxins.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this 10th day of June, 2008, in Washington, D.C.

Robbin Weyant
Director, Division of Select Agents and Toxins

SECRET

January 9, 1992

Sir Robin Renwick, KCMG

Dear Sir Renwick;

I regret my past participation in the Irish Northern Aid Committee in America fearing the funds others and I have solicited may have fallen into the wrong hands. I will pray for the peaceful resolution between the British and Irish people.

Realizing now that in any way supporting violence against British civilians is wrong, I would gladly participate in any means to peacefully put an end to the fighting between two great nations.

At your disposal

Joseph R. Poett

Joseph R. Poett

SECRET

Declassified by: 11016



Bioterrorism Risk
Assessment Team
CDIG/Module E3
1000 Custer Hollow Rd.
Clarksburg, WV 26330
Phone (304) 625-4900
Fax (304) 625-5393

# Fax

| | | | |
|---|---|---|---|
| **To:** | Jennifer Rapier or Nashandra Hayes | **From:** | Lisa Halpenny / FBI<br>Phone: 304-625-3610 |
| **Fax:** | 404-718-2096 | **Pages:** | 4 |
| **Phone:** | 404-718-2013 or 2022 | **Date:** | 8-31-06 |
| **Re:** | Bioterrorism Security Risk Assessment | **CC:** | |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

• **Comments:**

Restricted

RECEIVED
2006 AUG 31 PM 4:04
CDC SELECT AGENT PROGRAM

COMPLETE, PRINT, AND FAX OR MAIL FORM

FD-961 (Rev.10-14-04)

OMB No. 1110-0039
Exp. Date 06-30-2006

# FEDERAL BUREAU OF INVESTIGATION
# BIOTERRORISM PREPAREDNESS ACT: ENTITY / INDIVIDUAL INFORMATION

**Section I:** Entity Information (General)

1. Legal Name of Entity: USDA, FSIS, OPHS, ML

2. Address: (Not a post office box) Street [redacted] City St. Louis County State MO Zip Code 63120

3. Type of Entity
- [ ] Public Academic
- [ ] Other (i.e. Non-Profit, Private Academic, and Commercial)- **Must complete Section II**
- [x] Government

**Section II:** Corporate Officers, Board of Dirbctors, and/or Stock Holder Information

4. Federal Income Tax Employee Identification Number: [redacted]

If none, explain:

5. Corporate Officers/Entity Leadership:

| Full Name (Last, First, Middle Suffix) (Doe, John Abner III) | Date of Birth (Month, Date, Year) | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

6. Board of Directors (If applicable):

| Full Name (Last, First, Middle Suffix) (Doe, John Abner III) | Date of Birth (Month, Date, Year) | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

7. Principal Stockholders (If applicable - Principal Stockholders are individuals holding greater than 50% of share holdings)

| Full Name (Last, First, Middle Suffix) (Doe, John Abner III) | Date of Birth (Month, Date, Year) | Social Security Number |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

18252

**Section III:** Individual Information

| 8. Full Name (Last, First, Middle) Poett, Joseph Richard<br>8a. Aliases/Maiden Name: | 9. Date of Birth (Month, Date, Year) | 10. Social Security Number |
|---|---|---|

| 11. Residence Address (No., Street, City, State, Zip Code) | 12. Sex ☑ Male ☐ Female |
|---|---|

| 13. Place of Birth (City, State or Foreign Country)<br>*If not born in the United States please complete questions on page 3 titled Foreign Born Information.<br>Fort Wayne, IN | 14. Race: ☐ Black or African ☐ Asian/ Native Hawaiian or other Pacific Islander ☑ White ☐ Hispanic or Latino ☐ American Indian or Alaska Native |
|---|---|

15. Unique Identifier Number (Supplied by APHIS or CDC): C-JP-024499

16. Certifications (All questions must be answered "Yes" or "No" in the box provided)

*Title 18 Section 1001 of the U.S. Code provides that knowingly falsifying or concealing a material fact is a felony that may result in fines or imprisonment for not more than 5 years or both.

| | |
|---|---|
| 16a. Are you under indictment or information in any court for a felony, or any crime, for which the judge could imprison you for more than one year? ☐ Yes ☑ No | 16b. Have you been convicted in any court for a crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation? ☐ Yes ☑ No |
| 16c. Are you a fugitive from justice? ☐ Yes ☑ No | 16d. Are you an unlawful user of any controlled substance (as defined in Section 102 of the Controlled Substance Act [21 U.S.C. 802] )? ☐ Yes ☑ No |
| 16e. Have you ever been adjudicated as a mental defective or been committed to any mental institution? ☐ Yes ☑ No | 16f. Are you an alien illegally or unlawfully in the United States? ☐ Yes ☑ No |
| 16g. Are you an alien who has been lawfully admitted for permanent residence or a naturalized citizen? If yes, please complete page 3 of the application. ☐ Yes ☑ No | 16h. Have you been discharged from the Armed Services of the United States under dishonorable conditions? ☐ Yes ☑ No |

I certify that the above answers are true, correct and complete. I understand that the making of a false oral or written statement is a crime.

| Signature: JRPoett | Date: 5/4/6 |
|---|---|

**Section IV:** Consent

By signing this form, I hereby authorize the U.S. Department of Justice to obtain any information relevant to assessing my suitability to access, possess, use, receive or transfer select agents and toxins from any relevant source, including, but not limited to, individuals, public sources, and government sources. This information may include, but is not limited to, biographical, financial, law enforcement and intelligence information.

I further authorize any individuals having information pertinent to such an assessment to release such information to a duly accredited representative of the U.S. Department of Justice. The authorization set forth in this paragraph is valid for five (5) years from the date on which this form is signed.

I further authorize the U.S. Department of Justice to disclose any records, results or information relating to, or obtained in connection with, my security risk assessment to: the U.S. Department of Agriculture; the Department of Health and Human Services; any agency contractors assisting in the determination of risk; and responsible officers or other appropriate personnel of pertinent entities.

I further authorize the release of records, results or information relating to, or obtained in connection with my security risk assessment to any law enforcement or intelligence authority or other federal, state or local entity with relevant jurisdiction where such information reveals a risk to human, animal and/or plant health or national security.

I further authorize disclosure of records results or information relating to, or obtained in connection with my security risk assessment to organizations or individuals, both public and private, if deemed necessary, in the sole discretion of the U.S. Department of Justice, to elicit information or cooperation from the recipient for use in assessing my suitability to access, possess, use, receive or transfer select agents and toxins.

I further authorize release of records, results or information relating to, or obtained in connection with my security risk assessment to laboratories, universities, individuals, or other entities, both public and private, responsible for making security assessments, employment and/or licensing determinations and suitability or security decisions when the information is relevant to an assessment of my suitability to access, possess, receive, use, or transfer agents or toxins

I understand that this is a legally binding document and false statements provided by me are violations of federal law and may lead to criminal prosecution or other legal action.

J.R. Poett
PRINTED NAME

5/4/6
DATE

[signature]
SIGNATURE



U.S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

August 31, 2006

Director
Centers for Disease Control and Prevention
Select Agent Program
1600 Clifton Road NE
Mail Stop E79
Atlanta, GA 30333

Dear Director:

Reference is made to the application packet submitted by the Secretary pursuant to Public Law (Pub. L.) 107-188. The packet sets forth the name and identifying information of an individual that the Secretary has determined has a legitimate need to handle or use select biological agents or toxins. The identifying information on the referenced individual is summarized as:

CJP024499

Name: POETT, JOSEPH RICHARD
DOB: [redacted]
POB: FORT WAYNE, IN
Country: US
Alien#:
SSN: [redacted]
Address: [redacted]

Sex: M
Entity: USDA/FSIS/OPHS/Midwestern Laboratory
Entity#: CDC040519

RECEIVED
2006 AUG 31 PM 4:04
CDC SELECT AGENT PROGRAM

Director

The FBI has been tasked with using criminal, immigration, national security, and other available databases, as appropriate, for the purpose of identifying whether the referenced individual is within any of the categories listed in Section 201/351A(e)(3)(B) or Section 212(e)(3)(B) of the Pub. L. 107-188.

The identifying information furnished by the individual was compared with appropriate databases available to the FBI, and it has been determined that the individual is a restricted person, under Title 18, United States Code (U.S.C.), Section 175b with the following federally prohibitive criteria:

Pursuant to Title 18, U.S.C., Section 175b (d)(2), the aforementioned individual is a restricted person:

- [ ] (A) is under indictment for a crime punishable by imprisonment for a term exceeding 1 year;
- [ ] (B) has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year;
- [ ] (C) is a fugitive from justice;
- [ ] (D) is an unlawful user of any controlled substance;
- [ ] (E) is an alien illegally or unlawfully in the United States;
- [ ] (F) has been adjudicated as a mental defective or has been committed to any mental institution;
- [ ] (G) is an alien (other than an alien lawfully admitted for permanent residence) who is a national of a country as to which the Secretary of State has made a determination that such country has repeatedly provided support for acts of international terrorism;
- [ ] (H) has been discharged from the Armed Services of the United States under dishonorable conditions;
- [ ] (I) is an agent of a foreign power;
- [ ] (J) has committed a federal crime of terrorism transcending national boundaries; or
- [x] (K) has involvement with an organization that engages in domestic or international terrorism or international crimes of violence.

Director

If the individual who meets this criteria has certified court documentation which relates to the specific prohibition, you may submit it to the FBI's Criminal Justice Information Services Division for clarification. Please advise the individual that this documentation will not be returned.

Please be advised that the information upon which to make the determination of whether an individual is in one of the listed categories is current as of the date of this letter. The Secretary must determine when a reassessment of the individual's background is appropriate.

Sincerely yours,

David Cuthbertson
Section Chief
Programs Development Section
Criminal Justice Information
Services Division

By: John E. Strovers
John E. Strovers
Supervisory Personnel
Security Specialist

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta, GA 30333

TO: James Hess (Responsible Official)
USDA/FSIS/OPHS/Midwestern Laboratory
Federal Center, 4300 Goodfellow Boulevard, Building 105D
St. Louis, MO 63120

FR: Centers for Disease Control and Prevention, Select Agent Program

DATE: September 05, 2006

RE: Notice of Denial of Approval of Access to Select Agents and Toxins

Joseph Poett

The Secretary of the United States Department of Health and Human Services will deny approval of access to any select agent or toxin to an individual identified by the United States Attorney General as being a restricted person as that term is defined by 18 U.S.C. 175b (42 CFR 73.10(f)).

The term "restricted person" means an individual who:

(A) is under indictment for a crime punishable by imprisonment for a term exceeding 1 year;
(B) has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year;
(C) is a fugitive from justice;
(D) is an unlawful user of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(E) is an alien illegally or unlawfully in the United States;
(F) has been adjudicated as a mental defective or has been committed to any mental institution;
(G) is an alien (other than an alien lawfully admitted for permanent residence) who is a national of a country as to which the Secretary of State, pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of chapter 1 of part M of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), or section 40(d) of chapter 3 of the Arms Export Control Act (22 U.S.C. 2780(d)), has made a determination (that remains in effect) that such country has repeatedly provided support for acts of international terrorism;
(H) has been discharged from the Armed Services of the United States under dishonorable conditions;
(I) is an agent of a foreign power;
(J) has committed a federal crime of terrorism transcending national boundaries; or
(K) has involvement with an organization that engages in domestic or international terrorism or international crimes of violence.

The application for Joseph Poett to have approval of access to select agents or toxins is hereby denied. This denial is based upon identification by the Attorney General that Joseph Poett is suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Therefore, the individual was removed from Table 4B of your entity's application. If the restricted person status changes for the individual, it will be the responsibility of the Responsible Official to reinstate the individual on the Table 4B of the entity's application.

Charles Brokopp

Charles D. Brokopp, DrPH
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service

Centers for Disease Control
and Prevention (CDC)
Atlanta, GA  30333

TO:     Joseph Poett

FR:     Centers for Disease Control and Prevention, Select Agent Program

DATE:   September 05, 2006

RE:     Notice of Denial of Approval of Access to Select Agents and Toxins

The Secretary of the United States Department of Health and Human Services will deny approval of access to any select agent or toxin to an individual identified by the United States Attorney General as being a restricted person as that term is defined by 18 U.S.C. 175b (42 CFR 73.10(f)).

The term "restricted person" means an individual who:

(A)  is under indictment for a crime punishable by imprisonment for a term exceeding 1 year;
(B)  has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1
(C)  year;
(D)  is a fugitive from justice;
(E)  is an unlawful user of any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(F)  is an alien illegally or unlawfully in the United States;
(G)  has been adjudicated as a mental defective or has been committed to any mental institution; is an alien (other than an alien lawfully admitted for permanent residence) who is a national of a country as to which the Secretary of State, pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)), section 620A of chapter 1 of part M of the Foreign Assistance Act of 1961 (22 U.S.C. 2371), or section 40(d) of chapter 3 of the Arms Export Control Act (22 U.S.C. 2780(d)), has made a determination (that remains in effect) that such country has repeatedly provided support for acts of international terrorism;
(H)  has been discharged from the Armed Services of the United States under dishonorable conditions;
(I)  is an agent of a foreign power;
(J)  has committed a federal crime of terrorism transcending national boundaries; or
(K)  has involvement with an organization that engages in domestic or international terrorism or international crimes of violence.

Your application for approval to have access to select agents or toxins is hereby denied. This denial is based upon an identification by the Attorney General that you {Restricted_Indiv} and thereby meet the definition of a restricted person, (18 U.S.C. §175b).

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

If you wish to challenge this denial, you may file a written appeal with:

Director, Select Agent Program
Centers for Disease Control & Prevention
1600 Clifton Road
Mail Stop E-79
Atlanta, GA 30333

The appeal shall plainly and concisely state the reason(s) as to why the identification by the Attorney General that you are suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence is in error. The appeal may also include any other matters in extenuation or mitigation that you may wish to submit. Documents in support of the appeal may also be attached to the appeal request.

Charles Brokopp

Charles D. Brokopp, DrPH
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

RECEIVED
2001 SEP 21 PM 3:07
CDC SELECT AGENT PROGRAM

**DIRECTOR, SELECT AGENT PROGRAM**
**CENTERS FOR DISEASE CONTROL AND PREVENTION**

---

**IN RE: JOSEPH POETT**

---

# NOTICE OF APPEAL WITH BRIEF OF DENIAL OF APPROVAL OF ACCESS TO SELECT AGENTS AND TOXINS

**Joan A. Harvill**
**D.C. Bar No: 309112**
**Attorney for Joseph Poett**
**1000 Connecticut Avenue N.W.**
**Suite 600**
**Washington, D.C. 20036**
**(202) 466-6346**

# TABLE OF CONTENTS

Page

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1(a)

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2(a)

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Legal Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. The Failure to Give Proper Notice Violates the Due Process Clause of the Fifth Amendment. . . . . . . . . . . . 3

B. The September 5, 2006 Notice Misstates the Statutory Definition of a "Restricted Person". . . . . . . . . . . . 4

C. Guilt by Association Is Prohibited by the First Amendment to the U.S. Constitution. . . . . . . . . . . . . . . 5

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Prayer for Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## CASES AND OTHER AUTHORITIES

**Page**

Boim v. Quranic Literacy Inst., 291 F. 3d 1000 (7th Cir. 2002). . . . . . . . 4,5

Freeman v. Direct R.V. Inc., 04-56500, U.S. Ct. Appeal 9th Cir. (August 8, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Healey v. James, 408 U.S. 169, 92 S. Ct. 2338, 33 L. Ed. 2d 266 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Kilburn v. Libya, 376 F.3d 1123 (D.C. Cir. 2004). . . . . . . . . . . . . . . . . . 5

NAACP v. Claiborne Hardware Co., 458 U.S. 886, 120 S. Ct. 3409, 73 L. Ed. 2d 1215 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Russell v. United States, 369 U.S. 749 (1962). . . . . . . . . . . . . . . . . . . . . . 3

United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004). . . . . . . . . . . . . 5

United States v. Omer, 429 F.3d 835 (9th Cir. 2005). . . . . . . . . . . . . . . . . 3

United States v. Pickett, 353 F.3d 62 (D.C. Cir. 2004). . . . . . . . . . . . . . . 3

United States v. Robel, 389 U.S. 258, 88 S. Ct. 419, 19 L. Ed. 2d 508 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

First Amendment to the United States Constitution. . . . . . . . . . . . . . . . . . 4,5

Fifth Amendment to the United States Constitution. . . . . . . . . . . . . . . . . . 3

18 U.S.C. 175(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

**DIRECTOR, SELECT AGENT PROGRAM**
**CENTERS FOR DISEASE CONTROL AND PREVENTION**
**1600 Clifton Road**
**Mail Stop E-79**
**Atlanta, Georgia 30333**

**RE: JOSEPH POETT :**

**NOTICE OF APPEAL OF DENIAL OF APPROVAL OF ACCESS TO SELECT AGENTS AND TOXINS**

Joseph Poett, by and through his Attorney of Record, Joan A. Harvill, hereby Challenges the finding of the Department of Health and Human Services that he is a "Restricted Individual" within the meaning of 18 U.S.C. 175(b), and as grounds therefore avers the following:

Statement of the Case:

Joseph Poett is a U.S. Citizen by birth who is employed by the U.S. Department of Agriculture as a Chemist in Saint Louis, Missouri where he has resided for the past several years.

Recently Joseph Poett applied for security clearance needed to perform his job as a Chemist for USDA.

On September 8, 2005 he received a Notice from the Department of Health and Human Services that his application for approval to have access to select agents or toxins was denied on the basis he was identified by the Attorney General as a "Restricted Individual" within the meaning of 18 U.S.C. 175(b).

The Notice, dated September 5, 2006, does not provide any information upon which the finding he is a "Restricted Individual" described in 18 U.S.C. 175(b) is based.

However the September 5, 2006 Notice reflects his right to Appeal the Decision and

challenge why the finding he has been identified as a "Restricted Individual" is in error. And the Notice instructs him to state in his Appeal Notice why the identification by the Attorney General that he is suspected by a Federal Law Enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism or involvement with any other organization that engages in intentional crimes of violence is in error.

## STATEMENT OF THE ISSUES

1. Should Joseph Poett have been given Notice of the nature and cause of the accusations against him and the time and place of the alleged terrorist acts or involvement to enable him to meet the accusations effectively?

2. Does the September 5, 2006 Notice of Denial in its definition of a "restricted person" in subparagraph (k) misstate the applicable statutory definition?

3. Does "involvement" with an organization that engages in domestic or international terrorism or intentional crimes of violence without scienter incur civil liability, or loss of privileges or rights?

4. Does Joseph Poett's brief association with members of NORAID at a social gathering 20 years ago mark him as a "Restricted Person" and operate to make him ineligible for security clearance?

## LEGAL ARGUMENT

The denial of security clearance without specifying what actions Joseph Poett allegedly took to cause him to become suspect while asking him to refute the claim that he is suspected of terrorist activity is tantamount to being indicted for a criminal offense without being apprised of the essential facts constituting the offense charged.

To survive Constitutional challenges an indictment must satisfy two constitutional mandates: (1) It must sufficiently apprise the accused of the nature and cause of the accusations against him in order that he can prepare his defense and (2) it must clearly specify the time and place of the alleged crime. Joseph Poett stands accused of terrorist activity but has not been apprised of the time and place of the alleged offense or of the nature and cause of the accusations against him sufficient to enable him to defend against these false accusations.

This failure to give proper Notice is a violation of Joseph Poett's Right under the Fifth Amendment to the U.S. Constitution to Due Process. Due Process requires proper Notice and an Opportunity to Defend.

In U.S. v. Pickett, 353 F.3d 62 (D.C. Cir. 2004) the conviction was reversed for failure of the indictment to contain a definitive written statement of the essential facts constituting the offense charged. Likewise in Russell v. U.S., 369 U.S. 749 (1962), the Supreme Court reversed the conviction on appeal for the failure of the indictment to adequately apprise the defendants of what they must be prepared to meet. See also, U.S. v. Omer, 429 F.3d 835 (9th Cir. 2005) where the conviction was reversed for failure of the indictment to give Notice of the nature of the accusation against the accused.

While Joseph Poett is not being criminally charged the accusations levied against him have wide spread effects. Among these are the potential loss of his position as a Chemist with USDA., and resultant inability to support himself and his family, damage to his character and reputation and to the reputation of his wife and young daughter. Joseph Poett because of the unfounded accusation of involvement in terrorist activity has already been placed on Administrative leave at the U.S.D.A.

The September 5, 2006 Notice of Denial misstates the statutory Definition of a "Restricted Person".

18 U.S.C. 175(b)(I) defines a "restricted person" as one who "acts" for or on "behalf" of or under the "direction" or "control" of a terrorist organization. While the September 5, 2006 Notice of Denial citing 18 U.S.C. 175(b) as authority defined a "Restricted Person" in subparagraph (k) as an individual who:

> "has involvement with an organization that engages in domestic or international terrorism or international crimes of violence."

The 7th Circuit Court of Appeals in Boim v. Quranic Literacy Inst., 291 F.3d 1000 (7th Cir. 2002), rejected the interpretation of the antiterrorism statutes to include "involvement" as too broad and violative of the First Amendment to the U.S. Constitution. The court held:

> "to say that funding simpliciter constitutes an act of terrorism is to give the statute an almost unlimited reach. Any act which turns out to facilitate terrorism, however remote that act may be from actual violence and regardless of the actor's intent, could be construed to "involve" terrorism…such a broad definition might also lead to constitutional infirmities by punishing mere association with groups that engage in terrorism."

Thus concludes the Court to proscribe mere "involvement" with a terrorist organization would adversely effect the First Amendment Rights of individuals.

The Constitution protects against the imposition of liability based solely upon association with a group. See, NAACP v. Claiborne Hardware Co., 458 U.S. 886, 920, 102 S. Ct. 3409, 73 L.Ed.2d 1215 (1982),("civil liability may not be imposed merely because an individual belongs to a group, some members of which committed acts of violence."); Healey v. James, 408 U.S. 169, 185-86, 92 S. Ct. 2338, 33 L. Ed. 2d 266 (1972), ("the Court has consistently disapproved governmental action imposing criminal

sanctions or denying rights and privileges solely because of a citizen's association with an unpopular organization."); United States v. Robel, 389 U.S. 258, 265, 88 S. Ct. 419, 19 L. Ed. 2d 508 (1967), (where a statute establishes guilt by association alone, the inhibiting effect on First Amendment rights is clear).

In Boim v. Quranic, supra @ 1023-1024, the court held the term "involvement" was ambiguous, and without actual knowledge the organization engaged in illegal activities or terrorist operations mere involvement was insufficient to incur civil liability or deny rights and privileges. See also, U.S. v. Hammoud, 381 F.3d 316 (4th Cir. 2004); Kilburn v. Libya, 376 F.3d 1123 (D.C. Cir. 2004); Freeman v. Direct R.V. Inc., 04-56500, U.S. Ct. App. 9th Cir. (August 8, 2006).

There is no language in 18 U.S.C. 175(b) that proscribes "involvement" with an organization that engages in domestic or international terrorism or international crimes of violence. Thus the Notice of Denial is fatally defective as it is not supported by statute or as shown herein by established case law. Mere involvement is insufficient to incur civil liability or loss of rights or privileges.

Guilt by Association is prohibited by the First Amendment to the U.S. Constitution.

Not being apprised of any of the particulars or the time and place of his alleged "involvement" with an organization that engages in domestic or international terrorism, Joseph Poett has examined his life for any association he may have had that would give rise to such an accusation.

When Joseph Poett was in his twenties he attended a social affair comprised mainly of Americans of Irish Descent. At that social gathering there were two women who stated they were members of NORAID. They explained that was an organization

that collected money to aid Irish widows and orphans whose husbands and fathers were killed in the "troubles" in Ireland. Joseph Poett chatted with the two women during the social gathering. Some days later, Joseph Poett read in a newspaper that NORAID was accused of being an organization that while ostensibly a charitable organization was actually funneling money collected to aid the IRA. Concerned he would be accused of involvement with the organization, Joseph Poett wrote a letter to the British Ambassador. To the best of his recollection the letter apologized for his association with NORIAD.

Approximately one and one half years later, an FBI Agent contacted Joseph Poett, and asked him if the letter he sent to the British Ambassador was a fluke. Joseph Poett stated it was. When asked, he stated he had no connection with NORAID. There was no further communications from the FBI.

To the best of Joseph Poett's recollection his brief association with the NORAID members at the social gathering over 20 years ago, is the only connection he has had to any organization that could remotely be accused of funneling money to any organization purported to be engaged in terrorist acts.

CONCLUSION:

The Notice of Denial of a Security Clearance is fatally defective as it fails to apprise Joseph Poett of the time an place of any proscribed act or describe any actions or failure to act which would bring him under the purview of the Statute.

The First Amendment to the U.S. Constitution prohibits the imposition of civil liability or loss of rights or privileges based upon guilt by association. In this case Joseph Poett attended a social gathering where members of NORIAD held themselves out as a charitable organization. Joseph Poett at the time was unaware of any connection between

NORIAD and the IRA. Joseph Poett did not contribute any money to the NORIAD cause, and had no further connection to the organization.

The ambiguous term "involvement" is not contained in 18 U.S.C. 175(b), and by established case law "involvement" without knowledge of the illegal acts of an organization is insufficient to incur civil liability or loss of rights of privileges.

WHEREFORE, for all the reasons set forth herein, Joseph Poett respectfully requests the denial of the security clearance be reversed.

Respectfully,

Joan A. Harvill
D.C. Bar No: 309112
Attorney for Joseph Poett
1000 Connecticut Avenue NW
Suite 600
Washington, D.C. 20036
(202) 466-6346

CERTIFICATE OF SERVICE:

I certify a copy of Joseph Poett's Notice of Appeal was mailed by first class mail, postage prepaid to the following on September 18, 2006:

Director, Select Agent Program,
Centers for Disease Control & Prevention
1600 Clifton Road
Mail Stop E-79
Atlanta, GA 30333

Charles D. Brokopp, DrPH
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E. Mail Stop A-46
Atlanta, GA 30333

Joan A. Harvill



DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta, GA 30333

February 22, 2007

Mr. John Strovers
FBI - CJIS Division
Module E3
1000 Custer Hollow Road
Clarksburg, WV 26306-0147

RE: **Appeal to Notice of Denial of Access to Select Agents and Toxins**

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Select Agent Program notified Joseph Poett of his/her denial of access to select agents or toxins upon identification by the United States Attorney General as a "restricted person" under 18 U.S.C. § 175b (42 CFR Part 73.10(f)). Joseph Poett's denial was based upon a determination by the Attorney General that he/she was suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. On September 21, 2006, the CDC Select Agent Program received a written appeal from Joseph Poett, along with supporting documentation. We are forwarding this material to your attention for further review and determination.

This information is sensitive, has been marked "Sensitive But Unclassified", and must be handled accordingly. Any attached material is the property of the Select Agent Program, Centers for Disease Control and Prevention. Its transfer to another agency is not permitted without prior approval of the Select Agent Program. Release of this material is subject to the provisions of section 351A(h) of the Public Health Security and Bioterrorism Preparedness and Response Act of 2002 (42 U.S.C. 262a(h)). While this material is retained by your agency, it must be safeguarded in a manner that will prohibit its unauthorized disclosure. Review of this material will be limited to those persons whose official duties require it.

If you have any questions please do not hesitate to contact me at the telephone number below listed.

Nashandra Hayes, SRA Liaison
Division of Select Agents and Toxins
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: 404-718-2000; FAX: 404-718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

Criminal Justice Information
Services Division
Clarksburg, WV 26306
May 17, 2007

RECEIVED
2007 MAY 24 PM 3:09
CDC SELECT AGENT PROGRAM

Ms. Lori Bane
Compliance Officer
Centers for Disease Control and Prevention
Select Agent Program
1600 Clifton Road NE
Mail Stop E79
Atlanta, GA 30333

Dear Ms. Bane:

This letter is in response to your letter dated February 22, 2007, providing appeal to the restriction to use, possess, or transfer select biological agents or toxins for the following individual:

CJP024499

| | |
|---|---|
| Name: | |
| DOB: | |
| POB: | FORT WAYNE, IN |
| Country: | US |
| ALIEN #: | |
| SSN: | |
| Address: | |
| Sex: | M |
| Entity: | USDA/FSIS/OPHS/Midwestern Laboratory |
| Entity#: | CDC040519 |

The FBI previously responded to the Centers for Disease Control and Prevention (CDC) by letter dated August 31, 2006. That correspondence delineated the restrictive category as defined: "has involvement with an organization that engages in domestic or international terrorism or international crimes of violence."

Ms. Lori Bane

The CDC has supplied an appeal and supporting documentation from the applicant's attorney to the FBI. In the appeal, the applicant provided a statement of four issues:

1. "Should Joseph Poett be given Notice of the nature and cause of the accusations against him and the time and place of the alleged terrorist acts or involvement to enable him to meet the accusations effectively?" **As the brief points out, the restriction letter identifies Mr. Poett as a restricted person pursuant to Title 18, U.S.C., Section 175b, because of his "involvement with an organization that engages in domestic or international terrorism or international crimes of violence."**

2. "Does the September 5, 2006 Notice of Denial in its definition of a "restricted person" in subparagraph (k) misstate the applicable statutory definition?" **It does not misstate the statutory definition. The definition comes from 42 CFR, §73.9 (2)(ii): "Having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in international crimes of violence..."**

3. Does "involvement" with an organization that engages in domestic or international terrorism or intentional crimes of violence without scienter incur civil liability, or loss of privileges or rights? **The Bioterrorism Act does not allow for an entity to remove an employee from its roles based solely upon the outcome of a Security Risk Assessment. If an individual is restricted, he/she is no longer allowed unrestricted access to the biotoxins and select agents.**

4. Does Joseph Poett's brief association with members of NORAID at a social gathering 20 years ago mark him as a "Restricted Person" and operate to make him ineligible for security clearances? **The Bioterrorism Act does not allow for historical exclusions.**

Whereas the letter from the applicant's attorney and the supporting documentation does not provide an indication that the FBI erred in its interpretation of the conviction status of the identified individual, the FBI's initial determination has been sustained.

Sincerely yours,

Jamie Sigler McDevitt
Acting Section Chief
Programs Development Section

By: [signature]
Joseph A. Bushner
Supervisory Special Agent
CJIS Division Intelligence Group

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta, GA 30333

May 29, 2007

James Hess (Responsible Official)
USDA/FSIS/OPHS/Midwestern Laboratory
Building 105-D, 4300 Goodfellow Boulevard
St. Louis, MO 63120

RE: **Appeal of Notice Denying Approval of Access to Select Agents and Toxins for Joseph Poett**

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issued you a notice that Joseph Poett's application for approval of access to select agents and toxins was denied based on an identification by the Attorney General that Joseph Poett is a restricted person as defined by 18 U.S.C. Part 175b (42 CFR Part 73.10(f)). Specifically, Joseph Poett was suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Subsequent to this notice, Joseph Poett submitted a written request for appeal to the denial notice.

On May 24, 2007, the Attorney General through the Federal Bureau of Investigation notified DSAT that it sustained its initial determination that Joseph Poett has been identified as are suspected by any **Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence** and therefore met the definition of a restricted person. Accordingly, the denial to Joseph Poett's application for approval to access select agents and toxins is sustained. It is the responsibility of the Responsible Official to allow only approved individuals to have access to select agents or toxins in accordance with 42 CFR Part 73.10 and Part 73.11. Therefore, Joseph Poett must be denied access to select agents or toxins.

Please contact the Compliance Officer with the CDC Select Agent Program at 404-718-2000 or at the address listed below if you have additional questions.

Robbin Weyant, PhD, CAPT, USPHS
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta, GA 30333

May 29, 2007

Joseph Poett
7417 Parkwood Drive
Saint Louis, MO 63116

RE: **Appeal of Notice Denying Approval of Access to Select Agents and Toxins**

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issued you a notice that your application for approval of access to select agents and toxins had been denied based on an identification by the Attorney General that you met the definition of a restricted person as defined by 18 U.S.C. Part 175b (42 CFR Part 73.10(f)). Specifically, the Attorney General determined that you were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Subsequent to this notice, you submitted a written request for appeal to the denial notice.

On May 24, 2007, the Attorney General through the Federal Bureau of Investigation notified DSAT that it sustained its initial determination that you were **suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence** and therefore met the definition of a restricted person. Accordingly, your application for approval of access to select agents and toxins is denied.

Please contact the Compliance Officer with the CDC Select Agent Program at 404-718-2000 or at the address listed below if you have additional questions.

Robbin S. Weyant

Robbin Weyant, PhD, CAPT, USPHS
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you think you have received this document in error, please notify the sender immediately and destroy the original.

Joseph R. Poett

314-351-3211

June 27, 2007

RECEIVED
2007 JUN 29 PM 2:39
CDC SELECT AGENT PROGRAM

Director, Select Agents
Centers for Disease Control and Prevention
1600 Clifton Road, Mail Stop E-79
Atlanta, GA 30333

Re: Request Review of Determination

Dear Director, Select Agents Program,

I hereby request that you review the determination dated May 29, 2007, denying my access to select agents and toxins. (See Exhibit 1)

This determination is adverse to my employment interests and the denial of access to select agents affects my employability.

Because this determination has an adverse effect on my employment, it is appealable. In this determination, no notice of the right to appeal was stated. When telephone inquiries were made on my behalf regarding my right to appeal, no information was provided regarding proceeding with an appeal.

Sincerely,
Joseph R. Poett
Joseph R. Poett

Enc.
cc. Joan A. Harvill, Attorney at Law

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta, GA 30333

May 29, 2007

Joseph Poett

**RE: Appeal of Notice Denying Approval of Access to Select Agents and Toxins**

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issued you a notice that your application for approval of access to select agents and toxins had been denied based on an identification by the Attorney General that you met the definition of a restricted person as defined by 18 U.S.C. Part 175b (42 CFR Part 73.10(f)). Specifically, the Attorney General determined that you were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Subsequent to this notice, you submitted a written request for appeal to the denial notice.

On May 24, 2007, the Attorney General through the Federal Bureau of Investigation notified DSAT that it sustained its initial determination that you **were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence** and therefore met the definition of a restricted person. Accordingly, your application for approval of access to select agents and toxins is denied.

Please contact the Compliance Officer with the CDC Select Agent Program at 404-718-2000 or at the address listed below if you have additional questions.

Robbin S. Weyant

Robbin Weyant, PhD, CAPT, USPHS
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

RECEIVED

2007 JUL -2 PM 1:46

CDC SELECT AGENT PROGRAM

**INTERNATIONAL LAW CENTER**
**JOAN A. HARVILL ATTORNEY AT LAW**

Tele: (202) 466-6346
Fax: (202) 331-3759
E-mail: Abogadaxyz@aol.com
Member D.C. Bar
Member Texas Bar

1629 K. Street N.W.
Suite 300
Washington, D.C. 20006

2217 Princess Anne Street
Suite 218-1
Fredericksburg, Virginia 22401
Tele: (804) 224-9900
Fax: (804) 224-4038

June 28, 2007

Director, Select Agent Program
Centers for Disease Control & Prevention
1600 Clifton Road
Mail Stop E-79
Atlanta, Georgia 30333

Re: Joseph Poett
Denial of Access to Select Agents and Toxins
Request for Hearing

Dear Director,

Please be advised this law office represents Joseph Poett in the above referenced case. On May 29, 2007 you denied the Appeal filed September 18, 2006 for access to select agents and toxins, copy enclosed.

Your denial constitutes a final agency decision. However there was no notice

provided as required by 7 U.S.C. 6994 of his right to a Hearing. Additionally there was no information provided of his right to appeal the May 29, 2007 Decision to the Secretary of Agriculture or for judicial review.

Joseph Poett stands accused by your Agency of knowing involvement with an organization that engages in domestic or international terrorism or with any other organization that engages in intentional crimes of violence. Joseph Poett is innocent of these spurious charges. When a person is accused of criminal activity they are entitled under the Constitution to be apprised of what actions they are accused of performing with what organization he was allegedly involved with and the date, time and place of the alleged actions.

Your Decision has a deleterious effect upon the employment of Joseph Poett as it impedes him from performing certain job duties as a Chemist with the USDA.

Upon receipt of this letter, please apprise Joseph Poett of his appellate rights and provide him with an evidentiary Hearing where he will have an opportunity to appear and defend himself.

If there are any questions regarding the foregoing, please contact my law office. Thank you for your prompt attention to this matter.

Enc: As Stated
cc: Joseph Poett

Sincerely,

Joan A. Harvill

DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control
and Prevention (CDC)
Atlanta, GA 30333

May 29, 2007

Joseph Poett

RE: Appeal of Notice Denying Approval of Access to Select Agents and Toxins

On September 05, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issued you a notice that your application for approval of access to select agents and toxins had been denied based on an identification by the Attorney General that you met the definition of a restricted person as defined by 18 U.S.C. Part 175b (42 CFR Part 73.10(f)). Specifically, the Attorney General determined that you were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence. Subsequent to this notice, you submitted a written request for appeal to the denial notice.

On May 24, 2007, the Attorney General through the Federal Bureau of Investigation notified DSAT that it sustained its initial determination that you **were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence** and therefore met the definition of a restricted person. Accordingly, your application for approval of access to select agents and toxins is denied.

Please contact the Compliance Officer with the CDC Select Agent Program at 404-718-2000 or at the address listed below if you have additional questions.

Robbin S. Weyant

Robbin Weyant, PhD; CAPT; USPHS
Director, Division of Select Agents and Toxins
Coordinating Office of Terrorism Preparedness and Emergency Response
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333
Telephone: (404) 718-2000; FAX: (404) 718-2096

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.



*UNITED STATES DEPARTMENT OF AGRICULTURE*
*OFFICE OF THE SECRETARY*
*NATIONAL APPEALS DIVISION*

RECEIVED
2007 JUL 10 AM 10: 29
CDC SELECT AGENT PROGRAM

July 3, 2007

Joseph R. Poett

Re: NAD Case No. 2007E000647

Dear Mr. Poett:

This is in response to your recent request for an appeal with the National Appeals Division (NAD). In your request, you specifically state that you "request a hearing in accordance with Title 7 C.F.R. 11.6" in connection with a May 29, 2007, decision you received from the Public Health Service Centers for Disease Control and Prevention (CDC). In its decision, CDC denied your application for approval of access to select agents and toxins because it was determined that "you were suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or with any other organization that engages in intentional crimes of violence..."

Appeals before NAD are governed by Title 7 of the Code of Federal Regulations (7 C.F.R.) Part 11, which set forth the agencies and subject matter within the jurisdiction of NAD. Section 11.1 defines adverse decision as an administrative decision made by an officer, employee, or committee of an agency that is adverse to the participant. Additionally, § 11.1 identifies the agencies for which NAD has jurisdiction to conduct appeals. These agencies include the: 1) Commodity Credit Corporation; 2) Farm Service Agency; 3) Federal Crop Insurance Corporation; 4) Natural Resources Conservation Service; 5) Risk Management Agency; 6) Rural Business-Cooperative Service; 7) Rural Housing Service; and 9) Rural Utilities Service.

NAD has no jurisdiction in the matter you present. The May 29, 2007, letter referenced in your request was not issued by an agency for which NAD has jurisdiction. Therefore, NAD has no authority to conduct an appeal hearing based on your request of June 27, 2007. Accordingly, I am denying your appeal request.

***Eastern Regional Office • P.O. Box 68806 • Indianapolis, Indiana 46268-0806***
***Phone: 1-800-541-0457 -or- 317-875-9648 • Fax: 317-875-9674 • TDD/TTY: 1-800-791-3222***
www.nad.usda.gov

An Equal Opportunity Employer

Any further questions concerning this matter should be directed to the CDC at the address and phone number included in its May 29, 2007, letter to you.

Sincerely,

Kenneth W. Worsham
Deputy Assistant Director
National Appeals Division

cc: Robbin Weyant
Director, Division of Select Agents and Toxins
Centers for Disease Control and Prevention
1600 Clifton Road N.E., Mail Stop A-46
Atlanta, GA 30333



DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service
Centers for Disease Control and Prevention (CDC)
Atlanta GA 30333

July 30, 2007

Joan A. Harvill
International Law Center
1629 K. Street, N.W., Suite 300
Washington, D.C. 20006

Re: Joseph Poett: Denial of Access to Select Agents and Toxins

Dear Ms. Harvill:

This is in response to your letter dated June 28, 2007, notifying the Director of the Division of Select Agents and Toxins (DSAT), Centers for Disease Control and Prevention (CDC) that your law office represents Joseph Poett in the above subject matter; and requesting a review of the decision to deny Mr. Poett access to select agents and toxins.

After reviewing the information submitted by Mr. Poett, I have determined that it is appropriate to review the decision to deny Mr. Poett access to select agents and toxins. However, please be advised that Mr. Poett continues to be denied access to select agents or toxins pending a final determination.

Please contact James D. Holt of the HHS Office of General Counsel at 202-245-0569 or at 395 E. Street, S.W., Suite 9100, Washington, D.C. 20201 if you have any questions or wish to discuss this matter further.

Robbin Weyant, PhD, CAPT, USPHS
Director
Division of Select Agents and Toxins
Coordinating Office for Terrorism Preparedness and Emergency Response

INTERNATIONAL LAW CENTER
JOAN A. HARVILL ATTORNEY AT LAW

1629 K. Street N.W.
Suite 300
Washington, D.C. 20006

2217 Princess Anne Street
Suite 218-1
Fredericksburg, VA 22401

Tele: (202) 466-6346
Fax: (202) 331-3759
Tele: (804) 224-9900
Fax: (804) 224-4038

October 24, 2007

Robbin Weyant, PhD, CAPT, USPHS
Director
Division of Select Agents and Toxins
Coordinating Office for Terrorism Preparedness
1600 Clifton Road
Mail Stop E-79
Atlanta, Georgia 30333

Re: Joseph Poett: Denial of Access to Select Agents and Toxins

Dear Mr. Robbin Weyant,

On July 30, 2007 you indicated by letter that you were reconsidering the decision to deny Joseph Poett access to Select Agents and Toxins.
It has been nearly three months since you took the matter under consideration.

Upon receipt of this letter, please advise my law office of the status of your reconsideration of the decision to deny Joseph Poett access to Select Agents and Toxins. Thank you for your prompt attention to this matter.

Sincerely,

Joan A. Harvill

cc: Joseph Poett

CDC SELECT AGENT PROGRAM
2007 OCT 30 PM 1:50
RECEIVED



DEPARTMENT OF HEALTH AND HUMAN SERVICES

Public Health Service

Centers for Disease Control and Prevention (CDC)
Atlanta GA 30333

November 7, 2007

Joan A Harvill
International Law Center
1629 K. Street N.W.
Washington, D.C. 20006

Re: Joseph Poett: Appeal of Denial of Approval of Access to Select Agents and Toxins

Dear Ms. Harvill:

This is in response to the Notice of Appeal of Denial of Approval of Access to Select Agents and Toxins submitted to the Director, Division of Select Agents and Toxins on September 16, 2006.

On September 5, 2006, the Centers for Disease Control and Prevention (CDC), Division of Select Agents and Toxins (DSAT) issue Joseph Poett a notice that his application for approval of access to select agents and toxins had been denied based on an identification by the Attorney General that Joseph Poett met the definition of a restricted person as defined by 18 U.S.C. § 175b. A "restricted person" is defined by 18 U.S.C. § 175b as an individual who--

- is under indictment for a crime punishable by imprisonment for a term exceeding 1 year;
- has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year;
- is a fugitive from justice;
- is an unlawful user of any controlled substance (as defined in section 102 of the Controlled Substances Act (*21 U.S.C. 802*));
- is an alien illegally or unlawfully in the United States;
- has been adjudicated as a mental defective or has been committed to any mental institution;
- (i) is an alien (other than an alien lawfully admitted for permanent residence) who is a national of a country as to which the Secretary of State, pursuant to section 6(j) of the Export Administration Act of 1979 *(50 U.S.C. App. 2405*(j)), section 620A of chapter 1 of part M of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), or section 40(d) of chapter 3 of the Arms Export Control Act (*22 U.S.C. 2780(d)*), has made a determination (that remains in effect) that such country has repeatedly provided support for acts of international terrorism, or (ii) acts for or on behalf of, or operates subject to the direction or control of, a government or official of a country described in this subparagraph;
- has been discharged from the Armed Services of the United States under dishonorable conditions; or
- is a member of, acts for or on behalf of, or operates subject to the direction or control of, a terrorist organization as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (*8 U.S.C. 1182(a)(3)(B)(vi)*).

Because the Attorney General identified that Joseph Poett had knowing involvement with Noraid, an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. § 2331) or that

This document is intended for the exclusive use of the recipient(s) named above. It may contain sensitive information that is protected, privileged, or confidential, and it should not be disseminated, distributed, or copied to persons not authorized to receive such information. If you are not the intended recipient(s), any dissemination, distribution, or copying is strictly prohibited. If you think you have received this document in error, please notify the sender immediately and destroy the original.

engages in international crimes of violence, I find that Joseph Poett is not a "restricted individual" as that term is defined by 18 U.S.C. § 175b.

However, the Public Health Security and Bioterrorism Preparedness and Response Act of 2002 (42 U.S.C. § 262a) provides that the Secretary shall establish requirements to limit or deny access to select agents and toxins to those individuals who the Attorney General has identified as being reasonably suspected of knowing involvement with an organization that engages in domestic or international terrorism (as defined in section 2331 of Title 18, United States Code) or with any other organization that engages in intentional crimes of violence if limiting or denying such access is determined appropriate.

Section 73.10 of Title 42, Code of Federal Regulations (42 C.F.R. § 73.10) provides that an individual's access approval may be denied if the individual is reasonably suspected by any Federal law enforcement or intelligence agency of knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. § 2331) or with any other organization that engages in intentional crimes of violence.

Upon review of the information provided by the Criminal Justice Information Services, Federal Bureau of Investigation (FBI) concerning Joseph Poett and the information provided by Mr. Poett in his Notice of Appeal, I find that:

- Joseph Poett has admitted to being a member of Noraid, and therefore to have had knowing involvement with Noraid.

- The FBI reasonably suspects that Joseph Poett of knowing involvement with Noraid, an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. § 2331) or that engages in international crimes of violence.

- The FBI has identified Noraid as an organization that engages in domestic or international terrorism (as defined in section 2331 of Title 18 of the United States Code) or that engages in intentional crimes of violence.

- Joseph Poett has had knowing involvement with an organization that engages in domestic or international terrorism (as defined in 18 U.S.C. 2331) or that engages in intentional crimes of violence.

Therefore, I have determined that the application for Joseph Poett to have approval of access to select agents or toxins is denied.

Please contact James D. Holt of the HHS Office of General Counsel at 202-245-0569 or at 395 E. Street, S.W., Suite 9100, Washington, D.C. 20201 if you have any questions or wish to discuss this matter further.

Robbin Weyant, PhD, CAPT, USPHS
Director
Division of Select Agents and Toxins
Coordinating Office for Terrorism Preparedness and
    Emergency Response