**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSEPH POETT,<br><br>   Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>   Defendants. | Civil Action No. 07-1374 (CKK) |

**MEMORANDUM OPINION**
(March 6, 2012)

Presently before the Court are Plaintiff's [43] Objections to the Magistrate Judge's September 30, 2010 Order Denying Plaintiff's Motion for Attorney's Fees and Costs.  Plaintiff objects to Magistrate Judge Deborah A. Robinson's [42] Memorandum Opinion and Order ("Mem. Opin."), which found that Plaintiff was not a prevailing party and the Defendants' actions were substantially justified such that Plaintiff was not eligible for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  The parties fully briefed Plaintiff's objections, which are now ripe for adjudication.[1]  For the reasons stated below, the Court finds Magistrate Judge Robinson ultimately reached the correct conclusion in finding Plaintiff is not a prevailing party for purposes of attorney's fees.  Therefore Plaintiff's Objections are OVERRULED and Magistrate Judge Robinson's Memorandum Opinion and Order is AFFIRMED.

---

[1] See Pl.'s Obj. to Mag. J. Robinson's Sept. 30, 2010 Order Denying Pl.'s Mot. for Atty's Fees, ECF No. [43] (Pl.'s Obj."); Def.'s Opp'n to Pl.'s Mot. for Recons., ECF No. [44] ("Def.'s Opp'n"); and Pl.'s Resp. to Def.'s Opp'n, ECF No. [45] ("Pl.'s Reply").

## I. BACKGROUND

Magistrate Judge Robinson's Memorandum Opinion and the Court's September 29, 2009 and January 18, 2010 Memorandum Opinions and Orders, ECF Nos. [30, 31, 36, 37], set forth the relevant factual background and statutory framework of this case in detail, and the Court hereby incorporates those Orders herein. In brief, Plaintiff, as a chemist with the United States Department of Agriculture, requested access to select agents and toxins. *Poett v. United States*, 657 F. Supp. 2d 230, 234 (D.D.C. 2009). The Division of Select Agents and Toxins, a division of the Centers for Disease Control and Prevention of the Department of Health and Human services, found Plaintiff was a "restricted person," because of his involvement with a terrorist organization, and therefore denied Plaintiff access to select agents and toxins. *Id.* at 233-34. This determination was primarily based on a letter Plaintiff wrote in 1992 to the British Ambassador, expressing Plaintiff's regret over Plaintiff's participation with the Irish Northern Aid Committee in America. *Id.* at 234. Plaintiff unsuccessfully appealed this determination, and eventually filed suit under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.*, alleging the determination was arbitrary and capricious, and violated Plaintiff's constitutional rights. *Id.* at 232. The parties subsequently filed cross-motions for summary judgment.

In resolving the parties cross-motions for summary judgment, the Court noted that although the Defendants stated Plaintiff had been found to be a "restricted person," Defendants had in fact denied Plaintiff access to select agents and toxins because Defendants reasonably suspected Plaintiff of knowing involvement with an organization that engages in domestic or international terrorism. *Id.* at 235-36. Defendants also misquoted the relevant statutory language, omitting the requirement that the Plaintiff's involvement with the organization be

"knowing." *Id.* at 236.  Ultimately, the Court could not "ascertain from the administrative record whether the FBI also suspected that such involvement was 'knowing.'" *Id.* at 242.  The Court remanded the case "for further explanation consistent with this Memorandum Opinion." *Id.* at 243.  Approximately three months later, Defendants notified the Court that they no longer suspected Plaintiff of knowing involvement with a terrorist organization, and the Court dismissed the case subject to Plaintiff's motion for attorney's fees.  1/18/10 Memorandum Opinion, Order, ECF Nos. [36, 37].  The Court referred Plaintiff's [38] Motion for Attorney's Fees and Costs to Magistrate Judge Robinson for resolution.  Pursuant to Local Civil Rule 72.2(c), the Court now turns to Plaintiff's objections to Magistrate Judge Robinson's Memorandum Opinion and Order.

## II.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA"), provides that the Court "shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  To determine whether a party is a "prevailing party" for purposes of the EAJA, "(1) there must be a 'court-ordered change in the legal relationship' of the parties; (2) the judgment must be in favor of the party seeking the fees; and (3) the judicial pronouncement must be accompanied by judicial relief." *District of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010).  Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a) ] within 14 days[.]"  LCvR 72.2(b).  Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and

the basis for the objection." *Id.* Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added). A court should make such a finding when the court "'is left with the definite and firm conviction that a mistake has been committed.'" *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Entm't*, 659 F.3d 13, 21 (D.C. Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

### III.  DISCUSSION

Plaintiff objects to the totality of Magistrate Judge Robinson's findings denying Plaintiff attorney's fees under the EAJA. Specifically, Plaintiff argues that (1) the Court ordered a deadline by which Defendants were required to inform the Court of Defendants' decision on remand, which was sufficient to make Plaintiff a prevailing party; (2) Plaintiff ultimately succeeded upon remand, making Plaintiff a prevailing party; and (3) the Defendants never determined Plaintiff was knowingly involved with a terrorist organization, therefore the initial classification of Plaintiff was not substantially justified. The Court finds Magistrate Judge Robinson correctly determined Plaintiff is not a prevailing party, albeit for different reasons, and therefore the Court does not reach the question of whether Defendants' conduct was substantially justified.

A remand of an issue to an agency can be sufficient to find the plaintiff is a prevailing party if the remand order is accompanied by certain court-ordered guidelines. *See Mass. Fair Share v. Law Enforcement Assistance Admin.*, 776 F.2d 1066, 1067-68 (D.C. Cir. 1985) (finding

plaintiff was a prevailing party where Court reversed defendant's revocation of conditional grant to plaintiff and remanded with specific instructions on how the agency could proceed). Magistrate Judge Robinson found that although Plaintiff received a material benefit upon remand, "the Court's remand was bereft of the necessary 'judicial imprimatur'" necessary for Plaintiff to be considered a prevailing party.  Mem. Opin. at 5.  Magistrate Judge Robinson specifically noted that even the imposition of some deadline in the Court's remand Order would have been sufficient.  *Id.*  Plaintiff contends that (1) the Court did order Defendants to inform the Court of their decision upon remand by a specific deadline, and (2) Plaintiff ultimately succeeded upon remand, which is sufficient to make Plaintiff a prevailing party.

As an initial matter, the Court finds the assertion that a deadline in and of itself is sufficient judicial imprimatur to make Plaintiff a prevailing party is contrary to the law.  The two cases cited for this principle indicate that more substantive instructions from the Court are necessary.  In *Kean for Congress v. Committee v. FEC*, No. 04-0007, 2006 WL 89830 (D.D.C. Jan. 13, 2006), Judge John D. Bates found the plaintiff was a prevailing party after the court granted the FEC's voluntary remand request.  *Id.* at *1.  The remand order "expressly limited the remand proceedings to a period of sixty days," and "restricted the substantive scope of the remand," noting the FEC was incorrect in asserting there had been an intervening change in law that warranted reconsideration of the plaintiff's administrative complaint.  *Id.*  In other words, the court in *Kean* made a substantive determination in the plaintiff's favor before remanding the case with a specific deadline in which the Defendant could make its determination.  Likewise in *Northwest Coalition for Alternatives to Pesticides v. EPA*, 421 F. Supp. 2d 123 (D.D.C. 2006), the court did far more than simply remand the case to the agency with a deadline.  In fact, in

5

*Northwest*, Judge Emmet G. Sullivan granted summary judgment in favor of the plaintiffs on their FOIA claim, then remanded the FOIA request to the EPA for reconsideration in light of the court's summary judgment ruling. *Id.* at 126 ("[T]he Court granted summary judgment for plaintiffs, concluding that the defendant's response violated FOIA in failing to provide an adequate response to [Plaintiffs'] April 1997 FOIA request.") (internal quotations omitted). Thus, *Northwest* and *Kean* stand for the proposition that a remand Order to an agency following a substantive determination in the plaintiff's favor gives the plaintiff prevailing party status. A remand Order after an adverse or no substantive finding for the plaintiff but including a deadline for the agency's response does not make the plaintiff a prevailing party.

      Consistent with this approach, courts also look to whether or not the Court granted Plaintiff any of the relief requested, rather than the final outcome upon remand, to determine if a plaintiff is a prevailing party. For example, in *Environmental Defense Fund, Inc. v. Reilly*, 1 F.3d 1254 (D.C. Cir. 1993), pursuant to the parties' settlement agreement, the court vacated the amendment in question, and remanded the case to the EPA for a notice and comment period. *Id.* at 1256. Although the EPA eventually enacted an amendment identical to the amendment challenged by the plaintiff in its complaint, the D.C. Circuit concluded that the plaintiff was a prevailing party because it obtained all the relief sought in the Complaint through the remand order itself, that is, an order requiring the EPA to engage in a notice and comment period. *Id.* at 1257-58. As the court explained, in some cases success upon remand is necessary for a party to gain prevailing party status; in some cases the remand order itself is the relief requested and the outcome of the remand proceedings are irrelevant. *Id.; accord Michigan v. EPA*, 254 F.3d 1087, 1091 (D.C. Cir. 2001). However there is no support for Plaintiff's proposition in this case that,

regardless of what the Court orders, if the agency voluntarily provides Plaintiff with the relief sought, Plaintiff is a prevailing party.

With the proper legal standard in mind, it is clear Magistrate Judge Robinson reached the correct conclusion in finding Plaintiff is not a prevailing party. The Court did not make any substantive finding in Plaintiff's favor. Nor did Plaintiff allege any procedural violations of the APA, or request the remand. *But cf. Lake Pilots Ass'n, Inc. v. U. S. Coast Guard*, 310 F. Supp. 2d 333, 337 (D.D.C. 2004). Rather, the Court denied both parties' motions for summary judgment, and remanded the case to the agency for an explanation as to whether Defendants reasonably suspected Plaintiff of *knowing* involvement with a terrorist organization. Once the Defendants answered the question, the Court would proceed with determining whether, based on whatever determination Defendants made, denying Plaintiff access to select agents and toxins was arbitrary and capricious and/or violated Plaintiff's constitutional rights. The Court did not materially alter the legal relationship of the parties, but simply asked for additional information from the Defendants so that the Court could reach the merits of Plaintiff's claim. In this case, the Defendants' "voluntary change in conduct, although [] accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 605 (2001). Because Plaintiff is not a prevailing party, Plaintiff is not eligible for an award of attorney's fees, and the Court does not reach the question of whether Defendants' conduct was substantially justified.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Robinson's

Memorandum Opinion and Order are OVERRULED.  Absent a finding by the Court in favor of Plaintiffs, the Court's remand Order, which imposed a deadline for a determination upon remand, and Defendants' eventual reversal of their decision, are insufficient to make Plaintiff a prevailing party for purposes of obtaining attorney's fees under the Equal Access to Justice Act.  At the point Plaintiff is not a prevailing party, Plaintiff is ineligible for an award of attorney's fees, and the Court does not reach the issue of whether Defendants' conduct was substantially justified.  Therefore, Plaintiff's Objections are OVERRULED, and Magistrate Judge Robinson's Memorandum Opinion and Order is AFFIRMED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 6, 2012

_/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge